ITURRINO, PLAINTIFF AND APPELLEE, *v.* DE JESÚS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 2553.—Decided July 20, 1922.

DAMAGES—UNLAWFUL ENTRY—POSSESSION—CONFLICT OF TITLES.—In an action to recover damages for the unlawful entry of a third person upon the property of the plaintiff the plaintiff is not bound to prove his title when the issue is raised by the defendant who shows his title, for although there may be a conflict between the parties regarding the ownership of the property, the essential fact is that the plaintiff was in possession at the time of the unlawful entry, for the turning point of the controversy is the damages to the right of possession and the action is to recover such damages and not to adjust a conflict of titles.

ID.—ID.—ID.—UNLAWFUL POSSESSION.—If a person believes that he is the owner of a property of which another is in possession, he can not enter upon and take possession of it without first bringing the corresponding action to obtain a declaration of his right and evict the unlawful possessor, for section 448 of the Civil Code prescribes that every possessor has a right to be respected in his possession.

ID.—ID.—MEASURE OF DAMAGES—WASTE.—The rule that the damage caused to another's property is measured by the decrease in the value of the property is not absolute, and when damages are claimed for felling a tree and destroying the crops, the value of these may be recovered.

The facts are stated in the opinion.

*Mr. J. Sabater* for the appellant.

*Messrs. Benet & Souffront* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This action was brought for the recovery of a certain sum of money as an indemnity for damages caused to a property of the plaintiff by the entry of the defendant, the felling of trees and the destruction of seedlings by him. The defendant does not deny these acts, but alleges that the property belongs to him and not to the plaintiff. After a trial the court below rendered judgment against the defendant, who raised the present appeal.

The appellant alleges as the first ground of his appeal that the trial court erred in giving judgment against the defendant for the damages claimed in the complaint with-

out evidence of the plaintiff's better title or right to the property in controversy.

The argument of the appellant in support of this assignment is that although it is true that in this class of cases the ownership title should not be discussed, if the issue is raised by the defendant who exhibits his title, as in this case, the action is defeated.

Although there may be a conflict between the parties regarding the ownership of the property damaged, an action to recover damages is not one to settle the matter of ownership of the property, for the plaintiff has to allege and prove only his possession in order to entitle him to recover for the damages caused to the property in his possession. If a person has possession of a property and another believes that he is its owner, the latter's remedy is not to enter upon and take possession of it, but to bring the corresponding action to obtain a declaration of his right and evict the unlawful possessor. Section 448 of the Civil Code provides that every possessor has a right to respected in his possession. In 26 R. C. L., page 955, it is said that in actions for trespass the plaintiff must, at the time of the unlawful entry, be in possession of the land, and this is true because the gist of the action is an injury to the right of possession; that title in fee on the part of the plaintiff is not necessary when the evidence shows a bona fide possession under color of right; that actual and exclusive possession of real estate is always sufficient to enable the person in possession to maintain trespass against a stranger, and that even a person who has acquired possession illegally may maintain trespass against any one who unlawfully disturbs his possession.

In 2 Greenleaf on Evidence, section 613, in referring to actions of trespass, the following is said:

"Though the right of *property* may and often does come in controversy in this action, yet the *gist* of the action is the injury done to the plaintiff's *possession*. The substance of the declaration

therefore is, that the defendant has forcibly and wrongfully injured the property in the possession of the plaintiff; and under the gen eral issue the plaintiff must prove, (1) that the property was in his possession at the time of the injury, and this rightfully, as against the defendant; and (2) that the injury was committed by the defendant with force.''

In accordance with the foregoing rules, and inasmuch as the plaintiff proved at the trial that he was in possession of the property when the defendant went upon it and cut down trees and committed the other acts with which he is charged, he having had possession of it since 1900 by purchase from his mother, Francisca Vázquez, who had been in possession of it for many years, we can not hold that the court below committed the first error assigned; but this does not mean to say which of the parties is the real owner of the property.

The other ground of the appeal is that the trial court erred in fixing the amount of the damages at $515; and the appellant contends that in an action of this kind the damages do not consist of the value of the trees cut down, but of the decrease in the value of the property, and that the amount claimed as damages is imaginary and fantastic because it is almost double the value of $300 given to the property by the plaintiff in dominion title proceedings brought by him in the lower court.

The rule that the damage caused to another's property is measured by the decrease in the value of the property is not absolute, and when damages are claimed for felling a tree the value thereof may be recovered. 4 Sutherland on Damages (3rd edition), pp. 2964, 2980, 2983 and 2993.

In this case the claim was for a tree that had been felled and sawed, for several pieces of timber, for amounts of coffee and royal palm fruit and also for the damage done to a newly planted coffee grove; and we are of the opinion that the defendant is liable for the value of these.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justice Hutchison concurred. Justice Wolf and Franco Soto took no part in the decision of this case.